## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAN D. PRATHER, | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| vs. | )     **CASE NO. CIV-12-1014-R** |
| | ) |
| PAYNE COUNTY SHERIFF'S | ) |
| OFFICE, | ) |
| | ) |
|        **Defendant.** | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has brought this action purporting to seek

relief pursuant to 42 U.S.C. §1983 for the alleged violation of his constitutional rights.[1]

United States District Judge David L. Russell has referred the matter to the undersigned

Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).

**Plaintiff's Complaint**

Plaintiff names the "Payne County Sheriff DEPARTMENT" as Defendant, explaining

that such Defendant is employed as "Sheriff's" and "acting under color of state law" through

its status as "Sheriff's."[2] [Doc. No. 1, p. 1].  When called on by the form complaint to briefly

state the background of his case, Plaintiff defines "racial profiling" and states that "No

officer of any municipal, County or state law enforcement agency shall engage in racial

---

[1]Plaintiff has now been placed on notice in multiple cases filed in this court that he has accumulated three strikes pursuant to the provisions of 28 U.S.C. § 1915.  *See, e.g, Prather v. Bureau of Alcohol Tobacco Firearms and Explosives,* CIV-12-1369-R [Doc. No. 6].

[2]Unless otherwise indicated, quotations in this report are reproduced verbatim.

profiling[.]" *Id.* at 2. He further states that an individual's race "Shall not be the sole factor in determining the existence of probable cause to take into Custody or to arrest an individual," *id.*, – continuing into Count I – "or in constituting a reasonable and articulable suspicion that an offense has been or is being committed so as to Justify the detention of an individual or the investigatory Stop of a motor vehicle[.]" *Id.* at 3. By way of supporting facts, Plaintiff states that "[f]rom 2001 - 2012 Payne County Sheriff Department has Racial Profiling me." *Id.* Through Count II, Plaintiff maintains that "[a] violation of this section Shall be a misdemeanor" and that every agency must "adopt a detailed written Policy that Clearly defines the elements constituting racial profiling." *Id.* at 3. In factual support, he asserts that the policy must prohibit race or ethnicity-based profiling and that the policy must be available during normal business hours for public inspection. *Id.* In Count III, Plaintiff contends that an agency must take appropriate action if the investigation of a complaint reveals that an officer was in violation of the written racial profiling policy. *Id.* at 4. By way of relief, Plaintiff seeks "seven hundred billion dollars." *Id.* at 5.

Upon initial review of Plaintiff's complaint and for the reasons which follow, the undersigned recommends that this complaint be dismissed upon filing pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**Standard for Initial Screening**

The court must promptly review Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks

an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon*, 935 F.2d

1106, 1108 (10th Cir. 1991) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In

reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly,* 550 U.S. 544, 570 (2007). All well-pleaded factual allegations in the complaint

are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC*

*v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 2377 (2009).

A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints

dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on

which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. The court

reviewing the sufficiency of a complaint "will not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*

*v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**Analysis**

The foregoing review of Plaintiff's complaint in light of the standards on initial

screening plainly reveals that Plaintiff has failed to plead sufficient facts to state a plausible

claim for relief. *See Twombly,* 550 U.S. at 570. He has wholly failed to plead *any* facts

alleging a constitutional violation against him by Defendant and, thus, dismissal for failure

to state a claim upon which relief can be granted is recommended. Dismissal is likewise

warranted and recommended on the ground that Plaintiff's complaint is frivolous in that it lacks any arguable legal basis. *See Hall,* 935 F.2d at 1108.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For these reasons, the undersigned Magistrate Judge recommends that this complaint be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by February 18, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

DATED this 28th day of January, 2013.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE